IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| BRYAN G. HOLE and<br>ERIC E. GONZALEZ<br><br>    Plaintiffs,<br><br>v.<br><br>TEXAS A&M UNIVERSITY; ROBERT GATES, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; DAVID PARROT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; MICHAEL COLLINS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; LAURA SOSH-LIGHTSY, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; and JACQUIE VARGAS, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY<br><br>    Defendants | CIVIL ACTION NO. B-04-175<br><br>JURY DEMANDED |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Plaintiffs BRYAN G. HOLE and ERIC E. GONZALEZ, hereinafter at times referred to collectively as "Plaintiffs," complaining of Defendants TEXAS A&M UNIVERSITY, ROBERT GATES, DAVID PARROT, MICHAEL COLLINS, LAURA SOSH-LIGHTSY and JACQUIE VARGAS, hereinafter at times referred to collectively as "Defendants," in their individual and official capacities, and for such complaint would allege as follows:

# I.

# JURISDICTION AND VENUE

1. This Court has jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §1331, 28 U.S.C. §2201 and pursuant to 42 U.S.C. §1983. Venue of this civil action is proper in the Southern District of Texas pursuant to 28 U.S.C. §1391(b).

# II.

# PARTIES

*Plaintiffs*

2. Plaintiff Bryan G. Hole, hereinafter at times referred to as "Plaintiff Hole," is a natural person who is a resident of the Southern District of Texas and was during all relevant periods of time, a student at Texas A & M University.

3. Plaintiff Eric E. Gonzalez, hereinafter at times referred to as "Plaintiff Gonzalez," is a natural person who is a resident of the Southern District of Texas and was, during all relevant periods of time, a student at Texas A & M University.

*Defendants*

4. Defendant Texas A&M University, hereinafter at times referred to as "Defendant TAMU," filed its original answer on or about October 27, 2004 and is before this honorable Court for all purposes.

5. Defendant Robert Gates, hereinafter at times referred to as "Defendant Gates," filed his original answer on or about October 27, 2004 and is before this honorable Court for all purposes.

6. Defendant David Parrot, hereinafter at times referred to as "Defendant Parrot," filed his original answer on or about October 27, 2004 and is before this honorable Court for all purposes.

7. Defendant Michael Collins, hereinafter at times referred to as "Defendant Collins," filed his original answer on or about October 27, 2004 and is before this honorable Court for all purposes.

8. Defendant Laura Sosh-Lightsy, hereinafter at times referred to as "Defendant Lightsy," filed her original answer on or about October 27, 2004 and is before this honorable Court for all purposes.

9. Defendant Jacquie Vargas, hereinafter at times referred to as "Defendant Vargas," filed her original answer on or about October 27, 2004 and is before this honorable Court for all purposes.

## III.

## FACTUAL BACKGROUND

10. Plaintiffs were, at all relevant time periods, students in good standing at Texas A & M University, a state-funded university. Plaintiffs have liberty interests in their reputations, their good names and their secondary education. Such liberty interests are protected and guaranteed to Plaintiffs by the Fourteenth Amendment to the United States Constitution.

11. Plaintiffs also have property interests in the contractual relationships they have with Texas A&M University to provide them with a quality education and to provide them with certain procedural and substantive due process rights in the event of any disciplinary proceedings, in return for the payment of tuition, fees and costs. Such property interests

are protected and guaranteed to Plaintiffs by the Fourteenth Amendment to the United States Constitution.

12. During the Fall 2002 semester at Texas A&M University, and thereafter, Defendant Gates, in his individual and/or official capacities, initiated, conducted and/or directly oversaw an investigation and student disciplinary process into hazing within the Parsons' Mounted Cavalry ("PMC"), a student organization at Texas A&M University. During such investigation and disciplinary process, Defendant Gates kept in constant contact with the supervisor of the investigators and, with the full knowledge and participation, violated Plaintiffs' (and other present and former PMC students') rights under the United States Constitution, causing Plaintiffs to suffer damages and also leaving Plaintiffs with doubts and uncertainties as to their rights and legal relations with Texas A&M University under the Student Conduct Code and under the rules and regulations at Texas A&M University. Specifically, Defendant Gates, among other conduct, oversaw the imposition of pre-determined sanctions; collaborated with local law enforcement agencies to ensure severe sanctions were given, even prior to a University investigation; disregarded Plaintiffs' rights to neutral decision-makers by communicating his desire for harsh sanctions to the investigating and hearing officers; allowed and/or directed employees of Texas A&M University to forbid Plaintiffs from talking with other students, their parents and their attorneys concerning the allegations against them; and forbid Plaintiffs from being able to associate and assemble; thereby denying Plaintiffs of clearly established statutory or constitutional rights, of which a reasonable person would have known.

13. During the Fall 2002 semester at Texas A&M University, and thereafter, Defendant Parrot, in his individual and/or official capacities, initiated, conducted and/or directly

oversaw an investigation and student disciplinary process into hazing within the PMC. During such investigation and disciplinary process, with the full knowledge and participation of Defendant Parrot, Plaintiffs' (and other present and former PMC students') rights under the United States Constitution were violated, causing Plaintiffs to suffer damages and also leaving Plaintiffs with doubts and uncertainties as to their rights and legal relations with Texas A&M University under the Student Conduct Code and under the rules and regulations at Texas A&M University. Specifically, Defendant Parrot, among other conduct, violated Plaintiffs' right to freedom of speech and freedom of assembly; oversaw an investigation which prohibited Plaintiffs from discussing the investigation; violated Plaintiffs' constitutionally protected right to due process by charging Plaintiffs with violations of rules that were not in existence at the time of the alleged improper conduct; collaborated with Defendants Gates, Collins, Lightsy, and other members of Defendant Texas A&M University to pre-determine a general range of sanctions, including severe expulsion from the University, prior to the conclusion of the investigation; oversaw Texas A&M University's disciplinary process which failed to afford Plaintiffs the opportunity to review the evidence against them and failed to advise Plaintiffs of the charges against them; failed to provide Plaintiffs with the opportunity of the assistance of counsel; denied Plaintiffs their constitutional right to remain silent; and provided an inappropriate hearing process which failed to comport with the standards set forth by the United States Supreme Court. Each and every act violated Plaintiffs' clearly established statutory or constitutional rights, of which a reasonable person would have known.

14. During the Fall 2002 semester at Texas A&M University, and thereafter, Defendant Collins, in his individual and/or official capacities, initiated, conducted and/or directly

oversaw an investigation and student disciplinary process into hazing within the PMC. During such investigation and disciplinary process, with the full knowledge and participation of Defendant Collins, Plaintiffs' (and other present and former PMC students') rights under the United States Constitution were violated, causing Plaintiffs to suffer damages and also leaving Plaintiffs with doubts and uncertainties as to their rights and legal relations with Texas A&M University under the Student Conduct Code and under the rules and regulations at Texas A&M University. Specifically, among other conduct, Defendant Collins violated Plaintiffs' right to freedom of speech and freedom of assembly; oversaw and participated in an investigation which prohibited Plaintiffs from discussing the investigation process with anyone, including their parents; charged Plaintiffs with violations of rules that were not in existence at the time of the alleged improper conduct; collaborated with Defendants Gates, Parrot, Lightsy, and other members of Defendant Texas A&M University to pre-determine a general range of sanctions, including severe expulsion from the University, prior to the conclusion of the investigation; participated in both the investigation process as well as the hearing/sanctioning phase of the disciplinary process, thereby extinguishing Plaintiffs' rights to a neutral hearing officer; participated in Defendant's disciplinary process which failed to afford Plaintiffs the opportunity to review the evidence against them; failed to advise Plaintiffs of the charges against them; failed to provide Plaintiffs with the opportunity of the assistance of counsel; denied Plaintiffs their constitutional right to remain silent; and directly participated in a hearing process which failed to comport with the well established due process standards set forth by the United States Supreme Court. Each and every act violated Plaintiffs' clearly established statutory or constitutional rights, of which a reasonable person would have known.

15. During the Fall 2002 semester at Texas A&M University, and thereafter, Defendant Lightsy, in her individual and/or official capacities, initiated, conducted and/or directly oversaw an investigation and student disciplinary process into hazing within the PMC. During such investigation and disciplinary process, with the full knowledge and participation of Defendant Lightsy, Plaintiffs' (and other present and former PMC students') rights under the United States Constitution were violated, causing Plaintiffs to suffer damages and also leaving Plaintiffs with doubts and uncertainties as to their rights and legal relations with Texas A&M University under the Student Conduct Code and under the rules and regulations at Texas A&M University. Specifically, among other conduct, Defendant Lightsy violated Plaintiffs' due process rights; charged Plaintiffs with violations of rules that were not in existence at the time of the alleged improper conduct; collaborated with Defendants Gates, Collins, Parrot, and other members of Defendant Texas A&M University to pre-determine a general range of sanctions, including severe expulsion from the University, prior to the conclusion of the investigation; participated in both the investigation process as well as the hearing/sanctioning phase of the disciplinary process, thereby extinguishing Plaintiffs' rights to a neutral hearing officer; participated in Defendant's disciplinary process which failed to afford Plaintiffs the opportunity to review the evidence against them, failed to advise Plaintiffs of the charges against them; failed to provide Plaintiffs with the opportunity of the assistance of counsel; denied Plaintiffs their constitutional right to remain silent; and directly participated in a hearing process which failed to comport with the well established due process standards set forth by the United States Supreme Court. Each and every act violated Plaintiffs' clearly established statutory or constitutional rights, of which a reasonable person would have known.

16. During the Spring 2003 semester at Texas A&M University, Defendant Vargas, in her individual and official capacities, directly participated in student disciplinary proceedings involving Plaintiff Hole and other PMC members concerning hazing within the PMC. During such disciplinary process, with the full knowledge and participation of Defendant Vargas, Plaintiff Hole's (and other present and former PMC students') rights under the United States Constitution were violated, causing Plaintiff Hole to suffer damages and also leaving Plaintiff Hole with doubts and uncertainties as to their rights and legal relations with Texas A&M University under the Student Conduct Code and under the rules and regulations at Texas A&M University. Specifically, Defendant Vargas violated Plaintiff Hole's constitutional due process rights by: failing to inform Plaintiff Hole of the specific charges against him; collaborating with Defendants Collins, Lightsy, and other members of Defendant Texas A&M University to deprive Plaintiff Hole of the opportunity to review the evidence against him; failing to provide Plaintiff Hole with the opportunity of the assistance of counsel; denied Plaintiff Hole his constitutional right to remain silent; and intentionally gave Plaintiff Hole, among other PMC students, misinformation in an attempt to get Plaintiff Hole to waive his right to remain silent. Each and every act violated Plaintiff Hole's clearly established statutory or constitutional rights, of which a reasonable person would have known.

17. During the Spring 2003 semester at Texas A&M University, Defendants began an organized and concerted effort to rush through some seventy-seven student disciplinary hearings, concerning alleged violations of the Texas A&M Student Conduct Rules. Such hearings were scheduled with very little notice to Plaintiffs. Such proceedings were scheduled during the final weeks of the semester when Plaintiffs were preparing for their

finals. Such hearings were conducted in violation of the Texas A&M Student Rules, in violation of Plaintiffs' substantive and procedural due process rights guaranteed them by Texas A&M University Student Rules and in violation of the clearly established due process rights guaranteed to Plaintiffs by the Fourteenth Amendment to the United States Constitution.

18. At all times relevant to the investigation and the Plaintiffs' disciplinary hearings, Defendant Gates, individually and as President of Defendant TAMU, intended to continue with the constitutionally infirm disciplinary proceedings regardless of his actual knowledge that the investigations and hearings were being conducted in violation of clearly established due process rights guaranteed by the Defendant Texas A&M University Student Rules and by the Fourteenth Amendment of the United States Constitution.

19. During the investigation and disciplinary process, Plaintiffs' rights, privileges and/or immunities secured by the Constitution or laws of the United States, were violated by Defendants as follows:

    A. Defendants Gates, Parrot, Collins and Lightsy, in their dealings with Plaintiffs, violated Plaintiffs' right to freedom of speech, as guaranteed them by the First Amendment to the United States Constitution by authorizing and/or participating in an investigation which prohibited Plaintiffs from discussing the charges against them with anyone, including each other and the even Plaintiffs' parents;

    B. Defendants Gates, Parrot, Collins and Lightsy, in their dealings with Plaintiffs, violated Plaintiffs' right to assemble together for their common good, in a peaceful manner, as allowed by the University Rules and the Constitution of the United States, by specifically prohibiting Plaintiffs from gathering to discuss the investigation and the charges brought against them;

    C. Defendants Gates, Parrot, Collins and Lightsy, each in their official capacity, charged Plaintiffs with violations of rules that were not even in existence at the time of the alleged improper conduct;

D. Defendants Gates, Parrot, Collins and Lightsy predetermined the general range of sanctions that Plaintiffs would receive;

E. During the month of April 2003, Plaintiffs were sent letters informing them that they were being charged with violations of certain University Student Rules. The letters provided Plaintiffs with a list of the purported rule violations. However, such letters were entirely inadequate to advise Plaintiffs as to the specific conduct that was being called into question;

F. Plaintiffs were not given an adequate opportunity to review the evidence against them by the hearing officers, Defendants Collins, Lightsy and Vargas; and their supervisor, Defendant Parrot. Such failures were under the direct supervision and at the discretion of Defendant Gates;

G. Plaintiffs were not given adequate time to prepare a defense by the hearing officers, Defendants Collins, Lightsy and Vargas; and their supervisor, Defendant Parrot. Such failures were under the direct supervision and at the discretion of Defendant Gates;

H. Defendants Gates and Parrot, through their subordinates, Defendants Collins, Lightsy and Vargas did not advise Plaintiffs of the witnesses that would be called against them;

I. Plaintiffs were denied their rights to assistance of counsel by the hearing officers, Defendants Collins, Lightsy and Vargas; and their supervisor, Defendant Parrot. Such failures were under the direct supervision and at the discretion of Defendant Gates;

J. Plaintiffs were denied access to all the evidence that Defendants were using against them in the disciplinary hearings;

K. Plaintiffs were denied neutral or unbiased fact finders in connection with their disciplinary hearings by the hearing officers, Defendants Collins, Lightsy and Vargas; and their supervisor, Defendant Parrot. Such failures were under the direct supervision and at the discretion of Defendant Gates;

L. Plaintiffs were denied their rights to remain silent by the hearing officers, Defendants Collins, Lightsy and Vargas; and their supervisor, Defendant Parrot. Such failures were under the direct supervision and at the discretion of Defendant Gates;

M. Plaintiffs were limited in the witnesses and evidence that they could utilize at their hearings by the hearing officers, Defendants Collins, Lightsy and Vargas; and their supervisor, Defendant Parrot. Such failures were under the direct supervision and at the discretion of Defendant Gates;

N. Plaintiffs were to be provided only "give and take" hearings, notwithstanding the fact that expulsion was a possible sanction;

O. Defendants shifted the burden of proof to Plaintiffs in the disciplinary proceedings;

P. Defendants shifted the burden of proof to Plaintiffs in the appellate process;

Q. Defendants did not provide for a meaningful appeal of the hearing officers' determination; and

R. Other specific violations of the Texas A&M University Rules and other violations of clearly established statutory or constitutional rights of which a reasonable person would have known.

## IV.

## FIRST CAUSE OF ACTION

20. Pursuant to 42 U.S.C. §1983, Plaintiffs hereby sue for injunctive relief. Plaintiffs would show that Defendants, in their official capacities, will continue to violate Plaintiffs' constitutional rights if Defendants are not enjoined by this Court. Accordingly, Plaintiffs hereby request this Court to issue an order to enjoin any ongoing or continuing violations of Plaintiffs' constitutional rights.

## V.

## SECOND CAUSE OF ACTION

21. Pursuant to 42 U.S.C. §1983, Plaintiffs hereby sue Defendants Gates, Parrot, Collins, Lightsy and Vargas in their individual capacities for compensatory damages. As a result of the conduct of Defendants Gates, Parrot, Collins, Lightsy and Vargas, acting

under color of state law, Plaintiffs were deprived of rights, privileges or immunities secured by the Constitution or laws of the United States. Such actions by Defendants, as noted above in paragraph 19A-R, violated clearly established statutory or constitutional rights of which a reasonable person would have known.

22. As a result of Defendants' conduct and actions, Plaintiffs suffered damages. Such damages include the attorneys' fees and expenses that were incurred by Plaintiffs to protect their constitutional rights. Plaintiffs now seek to recover their compensatory damages, for which they hereby sue.

## VI.

## THIRD CAUSE OF ACTION

23. Pursuant to 28 U.S.C. §2201, Plaintiffs hereby sue for declaratory relief to determine the rights and other legal relations between Plaintiffs and Defendant TAMU. Plaintiffs, as students of Defendant TAMU, have substantial doubts and uncertainties as to their rights and legal relations with Texas A&M University under the Student Conduct Code and under the rules and regulations at Texas A&M University.

24. Plaintiffs seek a declaratory judgment that the Student Conduct Code (Revised: 2002) is overly broad and unconstitutionally vague, as written or as applied, thereby failing to advise the students as to what conduct is prohibited under the Code. Additionally, Plaintiffs seek a declaratory judgment that the disciplinary process at TAMU is constitutionally defective in that it does not provide students with clearly established due process, when the range of sanctions includes expelling, suspending or dismissing the student from the University.

# VII.

## ATTORNEYS' FEES, COSTS & INTEREST

25. As a result of Defendants' conduct and actions, the undersigned attorneys have been retained by Plaintiffs to prosecute this civil action and protect their constitutional rights. Additionally Plaintiffs have had to advance costs of court and have lost the use of their monies during the pendency of this civil action. Accordingly, Plaintiffs hereby sue for the recovery of reasonable attorneys' fees, costs of court and pre and post judgment interest at the highest rates to which they are entitled.

# VIII.

## PRAYER

26. WHEREFORE PREMISES CONSIDERED, Plaintiffs hereby pray that Defendants be served with summons, be cited to appear and answer herein, and that after a trial of this matter that Plaintiffs obtain an order enjoining Defendants (in their official capacities) from violating their Constitutional rights; declaring that the disciplinary procedures utilized by Defendant TAMU is unconstitutional; and ordering Defendants (in their individual capacities) to pay to Plaintiffs their compensatory damages, attorneys' fees, costs of court and prejudgment and post-judgment interest at the highest rates to which they are entitled to receive.

Respectfully submitted,

s/ Ronald G. Hole
Ronald G. Hole
ATTORNEY IN CHARGE FOR PLAINTIFFS
State Bar I.D. 09834200
P. O. Box 720547
McAllen, Texas 78504
Telephone: (956) 631-2891
Telecopier: (956) 631-2415

OF COUNSEL:

HOLE & ALVAREZ, L.L.P.
Water Tower Centre
612 W. Nolana, Suite 370
P. O. Box 720547
McAllen, Texas 78504
Telephone: (956) 631-2891
Telecopier: (956) 631-2415

## CERTIFICATE OF SERVICE

I, Ronald G. Hole, hereby certify that on this the **25th** day of **July 2007,** a true and correct copy of the above and foregoing document was served upon the following counsel by email notification:

Mr. Russ Harris
Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548

s/ Ronald G. Hole
Ronald G. Hole